IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REYNALDO RIOS,

    Petitioner,

v.

OREGON STATE HOSPITAL,

    Defendant.

Civil No. 05-1407-CO

FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge.

Petitioner, an inmate in the custody of the State of Oregon and confined at the Oregon State Hospital filed a petition under 28 U.S.C. § 2254 challenging his 1984 convictions on various grounds.

Petitioner alleges that the appeal of his conviction was denied in "1990." Petitioner does not allege the grounds raised in his appeal, so the court is not able to determine whether petitioner has exhausted his state remedies as to the grounds raised in the present petition.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, requires state prisoner to

1 - FINDINGS AND RECOMMENDATION

file their federal habeas corpus petitions within one year of the final judgment in state court, tolled for "properly filed" state collateral review proceedings. 28 U.S.C. § 2244(d)(1) and (2).

In <u>Calderon v. Central District of California</u>, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit concluded that "AEDPA's one-year time limit (does) not begin to run against any state prisoner prior to the statute's date of enactment ... [Therefore] no petition filed on or before April 23, 1997 - one year from the date of AEDPA's enactment - may be dismissed for failure to comply with the section's ... time limit. <u>Id</u>. At 389. This means that federal habeas petitioners whose convictions became final before the AEDPA's effective date must file their federal habeas petitions by April 23, 1997, unless a "properly filed" application for state post-conviction tolls this limitations period. <u>See</u>, <u>Calderon v. Central District of California</u>, 112 F.3d 386 (9th Cir. 1997) ["Calderon I"] and <u>Calderon v. Central District of California</u>, 127 F.3d 782 (9th Cir. 1997)["Calderon II"].

In this case, petitioner's convictions became final when the Oregon Court of Appeals affirmed the convictions in "1990." Accordingly, in order to be timely under the 1 year statute of limitations created by the AEDPA, petitioner's petition for federal habeas relief must have been filed by April 23, 1997 unless a "properly filed" application for state post-conviction tolled this time period. <u>See</u>, <u>Calderon I</u> and

2 - FINDINGS AND RECOMMENDATION

Calderon II, supra.

The AEDPA's limitations period may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). In order to establish entitlement to tolling of the § 2241(d)(1) limitations period, a petitioner must demonstrate that extraordinary circumstances beyond the prisoner's control made it impossible to file the petition on time. Allen v Lewis, 255 F.3d 798, 799 (9th Cir. 2001); see also, Green v. White, 223 F.3rd 1001, 1003 (9th Cir. 2000). Petitioner in this case has not alleged any facts that would establish a tolling of the statute of limitations.

By Order (#4) entered September 21, 2005, petitioner was allowed 30 days to show cause in writing why his petition should not be denied on the ground that it is barred by the statute of limitations. Petitioner was advised that failure to show cause within 30 days will result in the dismissal of this proceeding for failure to prosecute.

Petitioner has not responded to the court's order to show cause or requested an extension of time in which to do so. Therefore, petitioner's Petition (#1) should be denied on the ground that it was not filed with the statutory limitations period and this proceeding should be dismissed for failure to prosecute.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _10__ day of November, 2005.

　　　　　　　　　　　　_____s/_____
　　　　　　　　　　　　　　John P. Cooney
　　　　　　　　　　　　　　United States Magistrate Judge